UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEGACY FRANCHISE GROUP, LLC<br>d/b/a COUNTRY KITCHEN<br>INTERNATIONAL,<br><br>   Plaintiff,<br><br> vs.<br><br>C.K. OF DETROIT LAKES, INC.,<br>JERRY BRANTNER, and<br>DAVID STREIFF,<br><br>   Defendants. | Case No 19-cv-324 |

## COMPLAINT

Plaintiff Legacy Franchise Group, LLC d/b/a Country Kitchen International ("Legacy Franchise Group"), by its attorneys Foley & Lardner LLP, alleges as follows for its Complaint against defendants C.K. of Detroit Lakes, Inc. ("CKDL"), Jerry Brantner ("Brantner"), and David Streiff ("Streiff"):

## NATURE OF THE ACTION

1. This is an action for breach of contract and breach of a personal guaranty arising from CKDL's breach of a franchise agreement ("Franchise Agreement") allowing it to operate a Country Kitchen restaurant franchise in Detroit Lakes, Minnesota. CKDL ceased performing its contractual obligations 56 months before the expiration of the Franchise Agreement and has failed to pay Legacy Franchise Group more than $134,000.000 in contractual liquidated damages. Brantner and Streiff similarly have failed to pay those amounts as required by a personal guaranty ("Personal Guaranty") they executed as part of the Franchise Agreement.

## THE PARTIES

2. Legacy Franchise Group is a Tennessee limited liability company with its principal place of business at 6405 Century Avenue, Suite 001, Middleton, Wisconsin 53562. The sole manager and member of the Legacy Franchise Group limited liability company is Brent Ray. Mr. Ray is a citizen of the state of Tennessee.

3. CKDL is a Minnesota corporation with a principal place of business at 2444 Madison Square Drive, Fargo, North Dakota 58104.

4. Jerry Brantner is a citizen of North Dakota who resides at 2444 Madison Square Drive, Fargo, North Dakota 58104.

5. David Streiff is a citizen of Minnesota who resides at 512 Balsam Avenue, Frazee, Minnesota 56544.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Legacy Franchise Group and each of the Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Legacy Franchise Group's claims occurred in this district.

8. Jurisdiction over CKDL, Brantner, and Streiff exists in Wisconsin pursuant to Wis. Stat. § 801.05(a) and (c) because this action relates to promises by CKDL, Brantner, and Streiff to Legacy Franchise Group to pay for services to be performed in Wisconsin by Legacy Franchise Group and to deliver things of value within Wisconsin.

9. This Court has personal jurisdiction over CKDL, Brantner, and Streiff because a substantial portion of their acts giving rise to Legacy Franchise Group's claims occurred in Wisconsin.

10. In the Franchise Agreement and the Personal Guaranty, each of the Defendants agreed that all legal proceedings arising from the Franchise Agreement shall be filed in a court located in Wisconsin and waived any objections based on lack of personal jurisdiction or improper venue.

**FACTS**

11. Legacy Franchise Group and CKDL entered into the Franchise Agreement effective December 1, 2018. A true and correct copy of the Franchise Agreement is attached at **Exhibit A**.

12. Under the Franchise Agreement, Legacy Franchise Group granted CKDL the right to operate in Detroit Lakes, Minnesota, one Country Kitchen® restaurant located at 705 Highway 10 E, utilizing Legacy Franchise Group's trademarks and business system.

13. The initial term of the Franchise Agreement was five years.

14. Section 6.2 of the Franchise Agreement requires CKDL to pay Legacy Franchise Group a monthly "Continuing Fee" equal to 4% of CKDL's monthly "Gross Revenues" earned from the operation of the restaurant.

15. Section 6.3 of the Franchise Agreement requires CKDL to pay Legacy Franchise Group a monthly "Advertising Production Fee" equal to 1% of CKDL's monthly "Gross Revenues" earned from the operation of the restaurant.

16. On March 1, 2019, CKDL abruptly closed its Country Kitchen® restaurant in Detroit Lakes, Minnesota without authorization from Legacy Franchise Group.

17. Section 11.1 of the Franchise Agreement provides that CKDL is in default and Legacy Franchise Group may terminate the Franchise Agreement if CKDL "ceases to operate or otherwise abandons the Restaurant for a period of three consecutive days or fails to operate the Restaurant during required business hours."

18. After March 1, 2019, CKDL did not reopen the Country Kitchen® restaurant within three days, nor did it operate the restaurant during required business hours.

19. On March 14, 2019, Legacy Franchise Group sent a letter to CKDL, informing it that Legacy Franchise Group was terminating the Franchise Agreement under Section 11.1.

20. Section 11.3 of the Franchise Agreement provides that if Legacy Franchise Group terminates the Franchise Agreement under Section 11.1, CKDL must pay "any and all sums owed to [Legacy Franchise Group] . . . includ[ing] all damages, costs, and expenses, including reasonable attorneys' fees, incurred by [Legacy Franchise Group] as a result of the termination."

21. Section 11.4 of the Franchise Agreement provides that if Legacy Franchise Group terminates the Franchise Agreement for cause, CKDL must pay as liquidated damages an amount equal to the sum of the average value of the Continuing Fee and Advertising Production Fee that CKDL was required to pay per month before the termination, multiplied by thirty-six, within 30 days of the termination.  Those liquidated damages are $134,992.22.

22. To date, CKDL has not responded to Legacy Franchise Group's March 14 letter.

23. Defendants Brantner and Streiff executed the Personal Guaranty as part of the Franchise Agreement. The executed Personal Guaranty is Appendix B-1 to the Franchise Agreement.

24. In the Personal Guaranty, Brantner and Streiff agreed, among things, that they jointly and severally guarantee CKDL would punctually pay all amounts due under the Franchise Agreement and that they would be personally liable for any breach of the Franchise Agreement by CKDL.

25. In the Personal Guaranty, Brantner and Streiff waived any notice of demand for payment of any of the obligations they guaranteed.

## COUNT I
## BREACH OF CONTRACT AGAINST CKDL

26. Legacy Franchise Group incorporates by reference the allegations in paragraphs 1 through 25 as if fully restated herein.

27. The Franchise Agreement is a valid contract between Legacy Franchise Group and CKDL.

28. Legacy Franchise Group has performed all of its obligations under the Franchise Agreement.

29. CKDL's refusal to pay to Legacy Franchise Group the amounts required by the Franchise Agreement constitutes a breach of contract.

30. Legacy Franchise Group has been and will continue to be damaged by CKDL's actions.

## COUNT II
## BREACH OF PERSONAL GUARANTY AGAINST BRANTNER AND STREIFF

31. Legacy Franchise Group incorporates by reference the allegations in paragraphs 1 through 30 as if fully restated herein.

32. In the Personal Guaranty, Brantner and Streiff agreed that they are jointly and severally liable for all amounts unpaid by CKDL under the Franchise Agreement.

33. CKDL has failed to pay Legacy Franchise Group $134,992.22 and all reasonable attorneys' fees incurred by Legacy Franchise Group as a result of the termination of the Franchise Agreement, and Brantner and Streiff have failed to pay Legacy Franchise Group those amounts as required by the Personal Guaranty.

34. Brantner's and Streiff's failure to pay those amounts constitutes a breach of the Personal Guaranty.

35. Legacy Franchise Group has been and will continue to be damaged by Brantner's and Streiff's actions.

## PRAYER FOR RELIEF

WHEREFORE, Legacy Franchise Group prays for the following relief:

A. An award of damages in the amount of $134,992.22 or in such other amount as may be determined at trial;

B. An award of attorneys' fees and other costs and expenses as provided in the Franchise Agreement;

C. An award of its costs as permitted by law; and

D. Such other relief as permitted by law or as the Court deems just and equitable.

4846-4353-5759.2

Dated: April 23, 2019                                       Respectfully submitted,


<u>/s/ Jeffrey A. Simmons</u>
Roberta F. Howell, WI Bar No. 1000275
Jeffrey A. Simmons, WI Bar No. 1031984
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703-1482
Telephone: 608.257.5035
Facsimile: 608.258.4258

*Attorneys for Plaintiff Legacy Franchise Group, LLC*

4846-4353-5759.2